

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent
Austin, Texas

Dear Mr. Woods:

Opinion No. O-1180
Re: Effect of Governor's veto
of certain items in the general
appropriation for the State
Department of Education

We received your letter of July 13, 1939, directing our attention to the following situation: At its recent regular session, the 46th Legislature enacted into law House Bill No. 933 appropriating the sum of $6,825,827.00 per year for the biennium beginning September 1, 1939, as a Rural Aid and Equalization Fund, which bill was duly signed by the Governor. Parts of this bill read as follows:

"Sec. 1. Appropriation. For the purpose of promoting public school interest and equalizing the educational opportunities afforded by the State to all children of scholastic age within the State, there is hereby appropriated out of the General Revenue Fund Six Million, Eight Hundred Twenty-Five Thousand, Eight Hundred Twenty-Seven ($6,825,827.00) Dollars, or so much thereof as may be necessary for the school year ending August 31, 1940, and Six Million, Eight Hundred Twenty-Five Thousand, Eight Hundred Twenty-Seven ($6,825,827.00) Dollars, or so much thereof as may be necessary for the school year ending August 31, 1941; .

"Sec. 11. Allocation of Appropriation. All expenditures for costs of administering the various funds named in this Act shall be paid for out of the monies allocated in this Act, and such expenditures shall be the amounts and as authorized by the General Departmental Appropriation Bill for the current biennium as therein itemized and not otherwise, except as otherwise herein provided.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, Page 2

"It is herein specifically provided that out of
the money appropriated in Section 1 of this Act, the
sum of Three Million, Seven Hundred Thirty-Five Thousand,
Three Hundred Fifty-Seven ($3,735,357.00) Dollars is
hereby set aside for teacher salary aid; . . . There is
also hereby set aside and allocated out of the appropria-
tions made in Section 1 hereof for each year of the
biennium the following:  the sum of One Hundred Twenty-
Four Thousand, Two Hundred Seventy ($124,270.00) Dollars
for the administration of the Equalization Division of the
Department of Education; the sum of Six Thousand, Seven
Hundred and Fifty ($6,750.00) Dollars for the School Plant
Division in the Department of Education; the sum of Ten
Thousand ($10,000.00) Dollars for the Census Division in
the Department of Education to be expended for seasonal
labor in the checking of the census rolls, and the sum of
Six Thousand, Six Hundred ($6,600.00) Dollars to be used
by the State Auditor's Department, as follows:

"Accountant in charge of rural aid applications,
Three Thousand ($3,000.00) Dollars;
"Junior Accountant, Eighteen Hundred ($1,800.00)
Dollars;
"Junior Accountant, Eighteen Hundred ($1,800.00)
Dollars.

"Provided further, that the State Superintendent of
Public Instruction shall appoint not to exceed

One (1) Director of Supervision
One (1) Director of Equalization
One (1) Director of Junior High Schools
One (1) Executive secretary of equalization
Twenty-Four (24) Deputy State Superintendents
One (1) Secretary
Three (3) Stenographers
One (1) Librarian
One (1) Telephone Operator
Two (2) Accountants
Three (3) Bookkeepers
One (1) Porter
And extra and seasonal help, the cost of which shall
not exceed $1,800.00
The Twenty-four Deputy State Superintendents appointed
hereunder shall reside in their respective supervisory
districts. . ."

Honorable L. A. Woods, Page 3

The general departmental appropriation bill for the same biennium was enacted subsequent to said House Bill No. 933. It commences as follows:

"Section 1. That the several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys in the State Treasury not otherwise appropriated, or out of special funds as may be shown, for the support and maintenance of the several departments and agencies of the State Government for the two-year period beginning September 1, 1939, and ending August 31, 1941."

The appropriation for the State Department of Education is completely itemized in this general appropriation bill. Each of the positions of employment is designated and the salary to be paid the person holding such position is set opposite the same. We copy a part of the appropriation for the State Department of Education as originally sent to the Governor as follows:

"School Plant Division
(Payable out of School Equalization appropriation)

"Salaries:

| | | |
|---|---|---|
| 1. Director School Plant Division . . . . | $ 3,000.00 | $ 3,000.00 |
| 2. Assistant Director . . . . . . . . . . . | 2,400.00 | 2,400.00 |
| 3. Stenographer . . . . . . . . . . . . . . | 1,350.00 | 1,350.00 |
| Total Salaries | 6,750.00 | 6,750.00 |

"School Equalization Aid Division
(To be paid out of the Special appro-
priation made for school equalization
aid.)

| | | |
|---|---|---|
| 1. Director of Supervision . . . . . . . . . | 3,000.00 | 3,000.00 |
| 2. Director of Equalization . . . . . . . . | 3,000.00 | 3,000.00 |
| 3. Director of Junior High Schools . . . . | 3,000.00 | 3,000.00 |
| 4. Executive secretary of equalization . . | 2,400.00 | 2,400.00 |
| 5. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 6. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 7. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 8. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 9. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 10. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 11. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 12. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |
| 13. Deputy State Superintendent . . . . . . | 2,600.00 | 2,600.00 |

Honorable I. A. Woods, Page 4

| | | | |
|---|---|---|---|
| 14. | Deputy State Superintendent . . . . . | $2,600.00 | $2,600.00 |
| 15. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 16. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 17. | Deputy State Superintendent . . . . . | -2,600.00 | 2,600.00 |
| 18. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 19. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 20. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 21. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 22. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 23. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 24. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 25. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 26. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 27. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 28. | Deputy State Superintendent . . . . . | 2,600.00 | 2,600.00 |
| 29. | Secretary . . . . . . . . . . . . . . | 1,500.00 | 1,500.00 |
| 30. | Stenographer . . . . . . . . . . . . | 1,350.00 | 1,350.00 |
| 31. | Stenographer . . . . . . . . . . . . | 1,350.00 | 1,350.00 |
| 32. | Stenographer . . . . . . . . . . . . | 1,350.00 | 1,350.00 |
| 33. | Librarian . . . . . . . . . . . . . . | 1,500.00 | 1,500.00 |
| 34. | Telephone Operator . . . . . . . . . | 1,350.00 | 1,350.00 |
| 35. | Accountant . . . . . . . . . . . . . | 2,100.00 | 2,100.00 |
| 36. | Accountant . . . . . . . . . . . . . | 1,800.00 | 1,800.00 |
| 37. | Bookkeeper . . . . . . . . . . . . . | 1,800.00 | 1,800.00 |
| 38. | Bookkeeper . . . . . . . . . . . . . | 1,800.00 | 1,800.00 |
| 39. | Bookkeeper . . . . . . . . . . . . . | 1,500.00 | 1,500.00 |
| 40. | Porter . . . . . . . . . . . . . . . | 720.00 | 720.00 |
| 41. | Extra Help, seasonal . . . . . . . . | 1,200.00 | 1,200.00 |

Total Salaries     $   93,120.00     93,120.00

"Maintenance and Miscellaneous:

| | | | |
|---|---|---|---|
| 1. | Postage and wire communications . . | 2,500.00 | 2,500.00 |
| 2. | Travel Expenses . . . . . . . . . . | 25,000.00 | 25,000.00 |
| 3. | Stationery, printing, supplies and contingent . . . . . . . . . . | 3,250.00 | 3,250.00 |
| 4. | Equipment and machines . . . . . . | 400.00 | 400.00 |

Total Maintenance and Miscellaneous . . . . . . . . . . . . . . . . . . . .$31,150.00   31,150.00

Total, Equalization Division     $124,270.00   124,270.00

"Subject to the limitations set forth in the provisions appearing at the end of this Act, all of the items listed under the School Equalization Aid Division shall be paid out of the funds appropriated for School Equalization Aid."

Honorable L. A. Woods, Page 5

The general appropriation bill contains the following generally applicable provision, to-wit:

"All surplus fees, receipts, special funds, or other available funds on hand at the end of each year of the biennium shall revert to the General Revenue Fund of this State unless otherwise prohibited by law, or unless otherwise provided herein. No salary paid additional employees shall exceed the amount herein appropriated for similar positions. All disbursements shall be made on warrants issued by the Comptroller on the State Treasury.

In the exercise of his veto powers when the general appropriation bill was presented to him, the Governor drew a line through position No. 2 in the School Plant Division and through positions Nos. 1, 3, 29, 32, 33, 36, 38 and 39 of the School Equalization Aid Division in the appropriation to the State Department of Education.

The approved general appropriation bill therefore does not contain the lines thus deleted from the appropriation bill which had been proposed by the Legislature for the State Department of Education. You request our opinion in substance as to whether or not the action of the Governor in thus striking out certain positions of employment from the appropriation to the State Department of Education effectually eliminated those positions or whether such deletions were ineffectual in view of the aforesaid provisions in the Rural School Aid Bill.

Acts passed at the same Session of the Legislature must be read together, each in the light of the other, as though they were embraced in one act or were supplementary to each other. Smith vs. Texas Company, 53 S. W. (2d) 774; O'Keefe vs. Hudspeth County, 25 S. W. (2d) 625; Board of Trustees vs. Bullock Common School Dist. No. 12, 55 S. W. (2d) 538; 39 Tex. Jur. 258 to 259. Several Acts passed at the same Legislature will be harmonized and each given effect unless their provisions are absolutely repugnant, in which event the one last enacted will control. 39 Tex. Jur. p. 140, 145 & 260; Townsend v. Terrell, 16 S. W. (2d) 1063; Stephens vs. State, 159 S. W. 505. Applying these general rules to the situation at hand we must read the two statutes which are before us as if they were one and give effect to both if the same can be done by any reasonable construction. This is made doubly necessary in view of the provision in Section 11 of the Rural School Aid Bill that the expenditures for the costs of administering the various funds named in that act shall be the amounts and as authorized by the general departmental appropriation bill.

.54

It is noted that in the bill first enacted the sum of
$6,750.00 is allocated to the School Plant Division. The bill also
allocates $124,270.00 to the administration of the Equalization
Division. In the General Appropriation Bill as presented to the
Governor by the Legislature the same sum of $6,750.00 was appro-
priated to the School Plant Division and the same sum of $124,270.00
was appropriated to the School Equalization Aid Division. There can
be no doubt that in the last enacted bill the Legislature was deal-
ing with the same sums as had been appropriated in the first enacted
bill. It will be noted that in Section 12 of the Rural School Aid
Bill it is not made mandatory upon the State Superintendent of Public
Instruction to appoint persons to the positions therein designated
but it is provided that he shall appoint not to exceed one director
of supervision, one director of equalization, one director of junior
high schools, one executive secretary of equalization, 84 deputy
state superintendents, etc. The language used in the first para-
graph of Section 11 of the Rural School Aid Bill shows that it was
then contemplated that the expenditures of administering the various
funds named in that act would be later itemized in the general
departmental appropriation bill and that such expenditures should
conform to such itemization. Such expenditures thereupon were
itemized by the Legislature in such general departmental appro-
priation bill, thus making the act complete. We are impelled to
conclude that the action of the Governor was effective to withdraw
the appropriation for the positions stricken out by him in the
general departmental appropriation bill.

You further request our opinion as to whether or not the
State Superintendent of Public Instruction with the approval of the
Joint Legislative Advisory Committee may fix the several salary
schedules which the Governor struck out so long as the State Super-
intendent remains within the limit of $124,720.00 allocated to the
School Equalization Aid Division.

The Rural School Aid Bill made the appropriation of
$6,825,827.00 per year for such biennium to be "expended by the
State Superintendent of Public Instruction through the director
of equalization in the State Department of Education and under the
supervision and advice of a special Joint Legislative Advisory
Committee, composed of the following members: Five members of the
Senate to be appointed by the President of the Senate and five mem-
bers of the House of Representatives to be appointed by the Speaker
of the House of Representatives. . . In addition to other powers
and duties they shall have appellate and final jurisdiction on all
matters of dispute between said Department of Education and any

applicant for aid under the provisions and terms of this act, and until otherwise changed or directed, all rules or regulations of the State Board of Education shall govern the disposition of all applications for aid under the provisions of this act; and said committee shall have no authority to make any grant or aid except that authorized by this Act. (Section 1) . . . It shall be the duty of the State Superintendent of Public Instruction and he is hereby authorized to take such action and to make such rules and regulations not inconsistent with the terms of this Act as may be necessary to carry out the provisions and intentions of this Act subject to the approval of the Joint Legislative Advisory Committee created in this Act, and for the best interest of the schools for whose benefit the funds are appropriated. It shall be the duty of the State Superintendent of Public Instructions to appoint the number of deputy state superintendents hereinafter authorized to make a thorough investigation in person of the grounds, building, equipment, teaching staff and financial conditions of each school applying for aid; and no aid shall be given unless it can be shown that all provisions of this act have been complied with and that such amount of aid is actually needed. . . The Joint Legislative Advisory Committee shall cooperate as aforesaid with the State Superintendent of Public Instruction in carrying out the provisions of this act, and in the event the appropriations and allocations made herein are insufficient to pay the total of all applications showing need, said committee shall reduce all applications pro rata so as to bring the aggregate of all applications approved within the appropriations and allocations herein made and in order to accomplish this said committee shall reduce the authorized expenditures of all schools applying for salary aid pro rata." (Section 12) There are other provisions in the same bill concerning the duties and powers of the Joint Legislative Advisory Committee but they are of the same nature as those set forth above and none of them contemplate the exercise of such a power as that mentioned in your question. The only authority found in either of these statutes for employing anyone other than to fill the designate positions is found in the general bill, as follows:

"Limitation of Payments. Except as otherwise provided, whenever, by virtue of the provisions of this Act, items are to be paid out of fees, receipts, special funds or out of other funds available for use by a department, it is the intention of the Legislature to limit expenditures out of said fees, receipts, special funds or other available funds to the purposes and in the amounts itemized herein, and it is so provided. If,

norable L. A. Woods, Page 8

however, the amount of the fees, receipts, special or
other available funds herein referred to are more than
sufficient to pay the items herein designated to be
paid therefrom, the department to which the said fees,
receipts, special funds or other available funds are
appropriated may, if necessary to adequately perform the
functions of said department, use any portion of said
surplus fees, receipts, special funds or other available
funds; provided, however, that before doing so the head
of such department shall, under oath, make application,
jointly, to the Governor, the Attorney General and the
State Treasurer setting forth in detail the necessity for
using such surplus fees, receipts, special funds or
other available funds and itemizing the purposes for
which the same are to be used. . ."

This question must, therefore, be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

L:N

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

ROVED JULY 31, 1939

ST ASSISTANT
ORNEY GENERAL